```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

RAYMOND C. WOODEN,             )
                               )
        Petitioner             )
                               ) Civil Action
    v.                         ) No. 13-cv-06180
                               )
COMMONWEALTH OF PENNSYLVANIA,  )
                               )
        Respondent             )

## O R D E R

Now, this 9th day of December, 2014, upon consideration of the following documents:

1) § 2241 Habeas Corpus Petition Form To Be Used By Prisoners in Actions Under 28 U.S.C. § 2241, filed by petitioner pro se on October 22, 2013 ("Habeas Corpus Petition"); together with

2) Issues and Grounds the Defendant Raises for Relief Pursuant to the Habeas Corpus 2241, filed by petitioner pro se on January 31, 2014;

3) Evidence and Exhibit Presentation Continuation, filed by petitioner pro se on February 24, 2014;

4) Evidence Presentation Photographs and Reports from A-1 Investigation, filed by petitioner pro se on April 14, 2014;

5) Response to Petition for Writ of Habeas Corpus, filed by respondent on April 15, 2014; together with

   a)  Exhibits A through G;

6) Report and Recommendation of United States Magistrate Judge Jacob P. Hart dated and filed April 21, 2014;

7) Objections to Magistrate Report and Recommendation, filed by petitioner pro se on May 7, 2014; and

    8)  Motion to Sanction the Commonwealth and Grant Relief for Failure to Respond with an Answer by the Deadline So Ordered, filed by petitioner pro se on March 24, 2014;

it appearing that petitioner filed his Habeas Corpus Petition challenging his pre-trial detention at the Philadelphia Industrial Correctional Center ("PICC") in Philadelphia, Pennsylvania;[1] it further appearing that petitioner's Habeas Corpus Petition asserts four Fourth Amendment claims; it further appearing that petitioner has filed two objections to Magistrate Judge Hart's Report and Recommendation ("R&R"); it further appearing, after de novo review of this matter,[2] that the Report and Recommendation of Magistrate Judge Hart correctly determined

---

[1] When a petitioner files an application for a writ of habeas corpus prior to a judgment being entered against the petitioner in state criminal proceedings, jurisdiction for federal habeas review arises under 28 U.S.C. § 2241.  Furthermore a district court's jurisdiction, under § 2241, to issue a writ of habeas corpus before judgment is entered in state court proceedings "should not be exercised at the pre-trial stage unless extraordinary circumstances are present".  Moore v. DeYoung, 515 F.2d 437, 447 (3d Cir. 1975).

[2] When objections are filed to a magistrate judge's report and recommendation, I am required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections. 28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

  Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of his or her sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions.  I may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

the pertinent legal and factual issues presented in the petition for habeas corpus relief,

    <u>IT IS ORDERED</u> that the objections of petitioner to the Report and Recommendation of Magistrate Judge Hart are overruled.[3]

---

    [3] Petitioner raises two objections to the Report and Recommendation of Magistrate Judge Hart.  First petitioner objects to Magistrate Judge Hart's characterization of his claims as uncognizable because, petitioner alleges, he did not have an opportunity for a full and fair consideration of his Fourth Amendment claim in state court.

    I conclude that petitioner's objection regarding the uncognizable nature of his claims is meritless.  Petitioner's allegation that the he was not given an opportunity to litigate his Fourth Amendment claim is without merit.  The United States Court of Appeals for the Third Circuit held in <u>Hubbard v. Jeffes</u>, that "when a state prisoner raises a Fourth Amendment violation in a habeas petition, a federal court may not consider the merits of the claim if the state tribunal had afforded the petitioner 'an opportunity for a full and fair litigation of his claim'."  <u>Hubbard</u>, 653 F.2d 99, 102-103 (3d Cir. 1981)(quoting <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067, 1088 (1976)).

    As Magistrate Judge Hart correctly pointed out in his R&R, petitioner was afforded the opportunity to present evidence in support of his suppression motion in a pre-trial motions hearing before the state court.  The state court's denial of defendant's request for a continuance during the hearing so that he could submit more evidence does not demonstrate lack of an opportunity for a full and fair litigation of petitioner's claim.  <u>See</u> <u>Hubbard</u>, 653 F.2d at 103 where the United States Court of Appeals for the Third Circuit held that petitioner had a full and fair opportunity to present his claim where petitioner's counsel had all of the resources at his command to investigate and present a Fourth Amendment claim, and petition's "failure to do so was not brought about by any restriction of the opportunity by the state courts."

    Accordingly, I overrule petitioner's objections regarding the cognizability of his claims.

    Petitioner's second objection to the R&R objects to Magistrate Judge Hart's determination that petitioner's claims could not be considered because petitioner had neither exhausted his sources of state relief, nor argued that extraordinary circumstances are present which would excuse the exhaustion requirement.

    (<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that the Report and Recommendation of Magistrate Judge Hart is approved and adopted.

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus by a Person in State Custody is dismissed without a hearing.

IT IS FURTHER ORDERED that because petitioner has not met statutory requirements to have his case heard, and no reasonable jurist could find this procedural ruling debatable, and because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability is denied.

---

(Continuation of footnote 3):

 A petitioner seeking a writ of habeas corpus is required to exhaust his claims in state court before filing a federal habeas petition. See Moore, 515 F.2d at 442. Petitioner bears the burden of showing that he has exhausted his claims in state court and such exhaustion may be excused only if "extraordinary circumstances are present". See Moore, 515 F.2d at 446; see also Wertz v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). The mere assertion of constitutional pre-trial claims will generally not constitute extraordinary circumstances. See Moore, 515 F.2d at 443.

 Petitioner does not dispute that he has not exhausted his claims in state court, but rather argues that extraordinary circumstances are present which excuse his non-exhaustion. Specifically, he contends that because the state court allegedly has not addressed petitioner's requests to argue his Fourth Amendment claims, petitioner contends the state court is not providing him with a fair opportunity to litigate his allegations.

 However, as discussed, the state court did conduct a pre-trial motion hearing where petitioner had the opportunity to present his Fourth Amendment claims. And, petitioner has not shown that he would be prejudiced or irreparably harmed were he to pursue relief on his Fourth Amendment claims in state court. See Smallwood v. Meisel, 2013 WL 6153238, at *3 (E.D.Pa. Oct. 16, 2013) report and recommendation adopted, 2013 WL 6145123 (E.D.Pa. Nov. 21, 2013)(Davis, J.). Therefore, I agree with the Report and Recommendation of Magistrate Judge Hart and find that petitioner has not demonstrated extraordinary circumstances which would justify pre-trial review of an unexhausted federal claim.

 Accordingly, I overrule petitioner's objections regarding the exhaustion of his claims.

IT IS FURTHER ORDERED that petitioner's Motion to Sanction the Commonwealth and Grant Relief for Failure to Respond with an Answer by the Deadline So Ordered is denied.[4]

IT IS FURTHER ORDERED that the Clerk of Court shall mark this matter closed for statistical purposes.

BY THE COURT:


/s/ JAMES KNOLL GARDNER
James Knoll Gardner
United States District Judge

---

[4] Petitioner's Motion to Sanction the Commonwealth and Grant Relief for Failure to Respond with an Answer by the Deadline So Ordered requests that this court sanction respondent for failure to file its response to petitioner's Habeas Corpus Petition by the date set forth by Magistrate Judge Hart's Order dated and filed December 19, 2013.

By Order dated and filed April 8, 2014, Magistrate Judge Hart granted respondent's motion for an enlargement of time to file their response and extended respondent's time to file a response to the petitioner's Habeas Corpus Petition until April 15, 2014.  Respondent filed its Response to Petition for Writ of Habeas Corpus on April 15, 2014.

Accordingly, because respondent's response was timely filed, petitioner's motion for sanctions is denied.